**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4448**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ARCHIE FULTON MOORE,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (1:03-cr-00374-JAB-1)

Submitted:  January 30, 2014          Decided:  February 5, 2014

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Archie Fulton Moore pled guilty in 2004 to one count of conspiracy to distribute in excess of fifty grams of crack cocaine, 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). He was originally sentenced to 260 months' imprisonment. On appeal, this court vacated Moore's sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).

On remand, Moore was sentenced to 240 months' imprisonment — the statutory mandatory minimum. This court affirmed. In October 2011, Moore filed a 28 U.S.C. § 2255 (2012) motion based on this court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The district court granted the motion and scheduled a third sentencing hearing. The revised presentence report (PSR} included, for the first time, a recommendation that Moore receive a two-level enhancement under U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(b)(12) (2012), for maintaining "a premises for the purpose of manufacturing or distributing a controlled substance." The court overruled Moore's objection, adopted the PSR, and imposed a 235-month sentence. Moore appeals, arguing that the district court erred in applying the two-level enhancement, thereby increasing his advisory Guidelines range from 188-235 months' imprisonment to 235-293 months. We affirm.

2

We review the lower court's application of the Guidelines de novo and its factual findings for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). USSG § 2D1.1(b)(12) provides that "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase [the sentence] by 2 levels." According to the Guidelines commentary, "[a]mong the factors the court should consider in determining whether the defendant maintained the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." USSG § 2D1.1 cmt. n.17. "Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises were maintained, but must be one of the defendant's primary or principal uses for the premises." Id. Moore conceded that he had the requisite control over the premises. Rather, he argued that the evidence established that drug activity was only an incidental or collateral use of his property.

The district court disagreed, based on the following evidence. Over a six-month period in 2001, confidential informants made six purchases of crack cocaine at Moore's residence. During two of those transactions, Moore was cooking cocaine hydrochloride into crack. In addition, Moore's sister,

3

(who lived nearby) stated that Moore supplied her with crack cocaine on a regular basis. According to his sister, Moore had obtained ten to eighteen ounces of powder cocaine at least once a week for the previous two years and cooked it into crack at his trailer. Moreover, a search of the trailer revealed items associated with drug distribution: scales, plastic baggies, "cooking" apparatus, a crack pipe, and firearms.

We find that this evidence supports the inference that Moore maintained and/or controlled the trailer for the purpose of storing and manufacturing drugs for distribution. See United States v. Miller, 698 F.3d 699, 707 (8th Cir. 2012) (holding that enhancement applies "when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also her family home at the times in question"), cert. denied, 133 S. Ct. 1296 (2013); United States v. Sanchez, 710 F.3d 724 (7th Cir. 2013) (noting that "enhancement clearly contemplates that premises can have more than one principal use . . . the proper inquiry is whether the drug transactions were a second primary use of the premises or were instead merely a collateral use"), petition for cert. filed (June 3, 2013). Accordingly, the district court did not err in applying the enhancement and we affirm Moore's sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED